UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:19-CV-62722-MIDDLEBROOKS/HUNT
(08-CR-60090-MIDDLEBROOKS)

JAMAUR LEWIS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ON MOTION TO VACATE

THIS CAUSE comes before the Court upon Movant Jamaur Lewis's Motion to Vacate, filed on December 9, 2019.[1] (DE 7). The Government initially responded on January 9, 2020; however, it subsequently filed an amended response on February 5, 2020. (DE 9; DE 10). Movant replied on February 6, 2020. (DE 12). For the following reasons, the Motion is granted in part.

Movant previously filed an application with the Eleventh Circuit seeking an order authorizing the district court to consider a second or successive motion to vacate. (DE 1 at 2). On September 5, 2019, the Eleventh Circuit granted the motion in part. (*Id.* at 7). Specifically, due

---

[1] Pursuant to Administrative Order 2019-2, this matter was referred to the Magistrate Judge for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (DE 2). However, since this action was filed, the Eleventh Circuit reversed convictions for Movant's co-defendants that are similar to the one Movant seeks to vacate here. Consistent with the Eleventh Circuit's opinions, I have already vacated the applicable convictions for the co-defendants. And I will address any other resentencing issues for those defendants in their underlying criminal case. Because the present Motion raises issues that are so intertwined with the proceedings related to Movant's co-defendants, I will withdraw the reference to the Magistrate Judge in the interest of judicial efficiency and consistency. As a result, I now address Movant's Motion to Vacate.

to a change in law, the Court authorized Movant to file a successive motion as to his § 924(o) conviction in Count 2.  (*Id.*).

On December 9, 2019, Movant filed a motion with this Court seeking to vacate his conviction on Count 2.  (DE 7).  The Government initially opposed the Motion (DE 9); however, it subsequently revised its position (DE 10).  In its revised response, the Government "withdr[ew] its opposition to vacating Count 2's § 924(o) conviction."  (DE 10 at 3).

The Government changed its position because of the Eleventh Circuit's decision in *Solomon v. United States*, No. 17-14830 (11th Cir. Jan. 13, 2020) and *Chance v. United States*, No. 17-15192 (11th Cir. Jan. 22, 2020).  In those cases, due to a change in law, the Eleventh Circuit reversed my denial of Solomon's and Chance's motions to vacate Count 2 (which raised a violation of § 924(o)) of their respective convictions.

Movant, Chance, and Solomon were co-defendants in their underlying criminal case, *see* No. 08-CR-60090-DMM.  Among other convictions, Chance, Solomon, and Movant were all convicted of violating the same statute—§924(o). As discussed in *Chance* and *Solomon*, such a conviction under the circumstances of the present case is invalid considering the Supreme Court's decision in *Davis*.  In light of the Eleventh Circuit's decisions in *Solomon* and *Chance*, and considering the Government's revised position, Movant's conviction and sentence as to Count 2 is vacated.

While it does not oppose vacating Movant's Count 2 conviction, the Government argues that a "full resentencing is not required . . . because Movant certainly cannot demonstrate that the allegedly 'erroneous sentence on one [§ 924(o)] count of conviction influenced the sentencing judge's decisions on other counts.'"  (DE 10 at 3) (quoting *United States v. Hernandez*, 735 F.

App'x 998, 1001 (11th Cir. 2018)). I find it more appropriate to address this and any other issue related to Movant's resentencing in the underlying criminal case.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. This Order shall **WITHDRAW THE REFERENCE** to Magistrate Judge Hunt**.**

2. Movant's Motion to Vacate (DE 7) is **GRANTED IN PART.** It is specifically granted to the extent it seeks to vacate Movant's Conviction and Sentence on Count 2.

3. Movant's Conviction and Sentence on Count 2 are **VACATED.**

4. An Amended Judgment will be entered in the underlying criminal case.

5. Any other issues related to Movant's resentencing will be addressed in the underlying criminal case.

6. The Clerk of Court shall **CLOSE THIS CASE and DENY** any pending motions **AS MOOT.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 23rd day of March, 2020.

Donald M. Middlebrooks
United States District Judge